41 So.2d 639

## WHITEHEAD v. STATE.

### 8 Div. 737.

Court of Appeals of Alabama.
July 19, 1949.

522

H. T. Foster, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was charged by affidavit with operating a motor vehicle on a highway while drunk or intoxicated. His jury trial resulted in a verdict of guilty.

█ The evidence presented below was in irreconcilable conflict as to whether the appellant was intoxicated, and whether he was the party operating the vehicle at the time. The evidence presented by the State was abundant in its tendencies to establish both questions adversely to appellant. In our opinion the jury was fully warranted under the evidence in its finding of guilt.

George R. Brown, a State Highway Patrolman, was recalled by the State for examination. On cross examination during this recall the record shows the following statement by defense counsel: "I am requesting in open court for the witness to go get his notes made at the time and place of the arrest and the court refuses to grant that and the defendant excepts to that refusal."

█ It appears that the court had just prior to the above statement refused to delay this trial for the purpose indicated. This action was within the sound discretion of the trial court. We find no abuse of discretion in this instance. See Alabama Digest Trial, ☞28, for numerous cases supporting this conclusion.

██ During the cross examination on recall of another Highway Patrolman, W. W. Locke, the court, ex mero motu, and after a statement by the Solicitor that he had no objection, refused to permit a "Patrol Book Record" to be received in evidence. In view of the Solicitor's attitude in the premises we do not fully understand the court's action in this instance. However, no exception was reserved by the defense to the court's ruling, consequently this point is not adequately raised for our review. In view of Patrolman Locke's statement that the "Patrol Book Record" contained only the time of arrest and the name of the driver of the vehicle, facts testified to by several witnesses, it would appear that had the point been protected in the record, the ruling would not probably have injured the substantial rights of this accused.

That part of the judgment entered in this cause imposing the sentence for the payment of the fine and costs is as follows: "and the said fine and cost being not presently paid, the defendant, Edward Whitehead is hereby sentenced to hard labor for Jackson County, Alabama for a period of thirty days for the fine and for an additional period at hard labor for Jackson County, Alabama of thirty-two days for the cost."

██ A sentence to hard labor for the payment of a fine imposed is proper only where the fine is not presently paid, or a judgment confessed therefor. Section 341, Title 15, Code of Alabama 1940. The same is also true of the additional sentence for the payment of the costs. This judgment is silent as to whether a judgment was

confessed for the payment of the fine and costs.

■ That part of the judgment imposing the additional sentence for the payment of the costs is also faulty in that a sentence and judgment to additional hard labor for the payment of the costs must set out the amounts of the cost and the time required to work it out at the rate of seventy-five cents per day. See Section 342, Title 15, Code of Alabama 1940, and numerous cases annotated thereunder catch line "What sentence and judgment entry must contain."

It is our opinion that this record is free of error probably injuriously affecting the substantial rights of this appellant. It is therefore due to be affirmed. This cause must however, because of the defects in the judgment imposing the sentence, be remanded for proper sentence.

Affirmed, but remanded for proper sentence.

BRICKEN, P. J., not sitting.